**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-23144-BLOOM**

AMAL CRANE,

Plaintiff,

v.

CHRISTINA MARIE DIRAIMONDO,
DIANE M. TRAINOR, ESQ.,
MATTHEW SIMON, CHRISTY L.
HERTZ, ESQ., KATIE SAGER, ESQ.,
and MATTHEW HARRISON CRANE,

Defendants.
_________________________________/

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiff Amal Crane's ("Plaintiff") Motion to Alter or Amend the July 16, 2026 Order Entered July 17, 2026; to Reopen the Action; and, upon Reopening, for Leave to File the Attach First Amended Complaint, ECF No. [69] ("Motion"). In the Motion, Plaintiff makes two primary arguments. First, Plaintiff contends that the Court erred in its futility analysis, because the Court did not consider whether Plaintiff could state a claim solely against the Eleventh Judicial Circuit in and for Miami-Dade County, ECF No. [69] at 11. Second, Plaintiff contends that the Court should clarify that the state law claims are dismissed without prejudice based on the Court's decision to decline to exercise supplemental jurisdiction. *Id.* at 23.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). To justify reconsideration, the party seeking it must point to: "(1) an intervening change in controlling

law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012).

The Court finds that the limited reconsideration requested is warranted. Insofar as there was no pending motion to dismiss before the Court with respect to the claim against the Eleventh Judicial Circuit of Florida,[1] the Court was without authority to *sua sponte* dismiss that claim. *See Walker v. Sun Tr. Bank of Thomasville, GA*, 363 F. App'x 11, 16 (11th Cir. 2010) ("[T]here is no indication that a court may *sua sponte* determine whether a complaint is subject to dismissal under Rule 12(b)(6) where the plaintiff is not proceeding in forma pauperis."). The Court will permit Plaintiff to file her proposed First Amended Complaint—which retains only the claim against the Eleventh Judicial Circuit—and will order her to serve the Eleventh Judicial Circuit of Florida.

Second, the Court clarifies that, because it declined to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissal of those state law claims operates without prejudice. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (clarifying that dismissal on jurisdictional grounds should be without prejudice (citing *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990))).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [69]**, is **GRANTED**.

---

[1] The Court's analysis was hindered by Plaintiff's failure to name the Eleventh Judicial Circuit of Florida in the case caption and Plaintiff's failure to attempt to serve the entity. Though neither failure is dispositive here, each factor impacted the Court's ability to discern the independent claim brought against the Eleventh Judicial Circuit.

2. Plaintiff is directed to file her proposed First Amended Complaint **by October 8, 2026**.

3. Plaintiff is directed to file proposed summonses and effect service upon the Eleventh Judicial Circuit of Florida **by November 8, 2026**.

4. Plaintiff's supplemental state law claims in Count VIII of the Original Complaint, **ECF No. [1] at 56–58**, are **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record