**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-23144-BLOOM**

AMAL CRANE,

Plaintiff,

v.

ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,

Defendant.
______________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant the Eleventh Judicial Circuit of Florida's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [75] ("Motion"). Plaintiff filed a Response in Opposition, ECF No. [76], to which Defendant filed a Reply, ECF No. [79]. The Court has considered the Motion, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.[1]

## I. BACKGROUND

In her Amended Complaint, Plaintiff sues Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), based on her access to state court proceedings currently underway in Defendant's court—namely, *In Re: The Marriage of: Matthew Harrison Crane and Amal Crane*, Case No. 2017-3528-FC-04 (Fla. 11th Cir. Ct.) ("State Action"). ECF No. [72] ¶¶ 1, 2. Plaintiff alleges that she experiences disability-related limitations and that Defendant, despite

[1] Also before the Court are Plaintiff's Motion for Leave to File Second Amended Complaint Under Rule 15(a)(2) and Alternative Request for Recognition of Rule 15(a)(1)(B) Entitlement, ECF No. [78] ("Motion to Amend"), Defendant's Expedited Motion to Stay Scheduling Order and Pre-Trial Procedures, ECF No. [80] ("Motion to Stay"), and Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Reply, ECF No. [84] ("Motion to File Sur-Reply"). As discussed below, the Motion to Amend is denied as futile, and the Motion to Stay and Motion to File Sur-Reply are denied as moot.

having actual notice of those limitations, failed to provide Plaintiff with a reliable institutional process through which her accommodation requests would be resolved. *Id.* ¶¶ 3–5.

Specifically, Plaintiff alleges that she has qualified disabilities, including Hashimoto's thyroiditis; a documented memory deficit; limitations affecting concentration, thinking, information processing, retention of rapidly delivered oral information, sustained attention, stamina, and effective communication under prolonged or medically stressful conditions; and panic and stress-related episodes. *Id.* ¶¶ 27, 28. As a result of these impairments, Plaintiff requires an effective means of processing, retaining, reviewing, and verifying consequential oral communications so that she can understand what occurred, respond accurately, preserve objections, comply with instructions, compare written orders with the proceedings from which they arose, and prepare informed requests for review. *Id.* ¶ 37. Such assistance might include reasonable breaks, accessible written instructions, structured clarification, a qualified notetaker, real-time transcription, an appropriate recording aid where authorized, or remote participation. *Id.* ¶ 38.

Plaintiff alleges that Defendant received notice of her disability-related limitations. On June 9, 2023, Plaintiff presented sworn testimony from a licensed psychologist, who testified that Plaintiff's testing was generally within normal limits and disclosed no evidence of paranoia, delusional thinking, or impaired thinking; however, he testified that Plaintiff's practice of reading aloud could reflect anxiety, auditory information processing, attention-related difficulty, the fact that English is her second language, or an effort to ensure comprehension. *Id.* ¶¶ 59–62. On June 3, 2024, Plaintiff experienced a panic and medical episode during an in-person evidentiary hearing. *Id.* ¶ 66.

The first instance of alleged discrimination identified by Plaintiff occurred in November 2024 (the "First Incident"). Specifically, on November 13, 2024, judicial assistant Carmen Molster directed Plaintiff to contact Defendant's ADA Coordinator and provided the ADA Coordinator's name, telephone number, and institutional email address. *Id.* ¶ 73. On November 14, 2024, Plaintiff emailed a written accommodation request to the email address provided, requesting accommodation for a hearing set for 2:00 p.m. that day. *Id.* ¶ 75, 77. Plaintiff disclosed that she had a memory deficit affecting her ability to retain information and requested permission to record the hearing so she could review the information afterwards and adequately prepare for later proceedings. *Id.* ¶¶ 78, 79. Defendant did not acknowledge receipt of the request or provide any individualized accommodation determination before Plaintiff was required to participate in the hearing. *Id.* ¶¶ 81–93. During the November 14, 2024 hearing, the presiding judge stated in substance that Plaintiff did not need to record the hearing because a court reporter was present. *Id.* ¶ 94. Defendant did not communicate any approval, denial, modification, or effective replacement of Plaintiff's written request. *Id.* ¶ 100.

The next alleged instance occurred in May 2026 (the "Second Incident"). Specifically, on May 5, 2026, Defendant conducted a remote hearing in the State Action. *Id.* ¶ 101. No official court reporter was present, and no official contemporaneous transcript was created. *Id.* ¶ 102. Plaintiff had not been informed in advance that the proceeding would occur without an official reporter, and she contemporaneously objected to proceeding without a court reporter. *Id.* ¶¶ 103, 105. Plaintiff raised her memory and access concerns and communicated that she was experiencing cognitive difficulty during the proceeding. *Id.* ¶ 106. On May 6, 2026, the state court entered a written order communicating broad findings concerning Plaintiff's credibility, truthfulness, memory, conduct, and participation in the litigation. *Id.* ¶ 109.

Plaintiff alleges that her injury will continue, as multiple post-judgment motions remain pending in the State Action and will require additional hearings. *Id.* ¶ 115. Defendant has not established or communicated a continuing accommodation plan for Plaintiff, nor has Defendant identified what effective assistance will be available when future proceedings involve complex, rapid, credibility-sensitive oral communications. *Id.* ¶¶ 118, 119.

Plaintiff's Amended Complaint asserts one cause of action against Defendant: Violation of the ADA (Count I). *Id.* ¶¶ 131–169. Plaintiff seeks declaratory and injunctive relief. *Id.* at 19–21.

In the Motion, Defendant argues the Amended Complaint should be dismissed because "the court should abstain from this matter under the *Younger* abstention doctrine and Plaintiff fails to state a claim for relief." ECF No. [75] at 1. Moreover, *O'Shea* abstention applies to the matter at issue. *Id.* at 2. Plaintiff responds that she states a claim and that *Younger* and *O'Shea* abstention doctrines do not apply. ECF No. [76] at 2. Defendant replies "that Plaintiff fails to state a claim upon which relief can be granted, the *Younger* doctrine applies to the case at hand, and the relief Plaintiff seeks would violate the *O'Shea* doctrine." ECF No. [79] at 1.

## II. LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 557). "Factual allegations

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Failure to State a Claim

Defendant argues that Plaintiff fails to state a clam for three reasons: (1) Plaintiff requested an accommodation the day of the First Incident and thus did not provide Defendant adequate time to provide an accommodation; (2) Plaintiff does not allege requesting a specific accommodation prior to the Second Incident; and (3) Plaintiff does not allege that the subject hearings affected the merits of her case or denied her access to the courts. ECF No. [75] at 5–6.

Plaintiff responds that her ability to attend the hearings is not dispositive, as the ADA protects *effective* communication. ECF No. [76] at 4–5. Plaintiff has adequately alleged that she could not effectively retain and use "consequential oral information" in the relevant proceedings. *Id.* at 6. Moreover, Plaintiff moved for an accommodation two days before the First Incident, and the notice from the First Incident should have caused Defendant to provide an accommodation during the Second Incident. *Id.* at 7–10.

Defendant replies that "Plaintiff has not shown how Plaintiff's request was denied based on her disability nor has she shown how the denial of her specific request affected her ability to have her case heard on the merits." ECF No. [79] at 3.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA abrogates states' immunity from suits by their citizens. *McCauley v. Georgia*, 466 F. App'x 832, 835 (11th Cir. 2012). To state a claim under the ADA,

> a plaintiff must establish (1) that [s]he is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) (alterations added; citation and quotation marks omitted).

To prevail on a public entity failure-to-accommodate claim[2] specifically, "a plaintiff must prove (1) that he is disabled, (2) that he requested a reasonable accommodation, (3) that the requested accommodation was necessary to afford him an equal opportunity to use and enjoy the public facility or program, and (4) that the defendant refused to make the requested accommodation." *L.E. by & through Cavorley v. Scamihorn*, 187 F.4th 1266, 1278 (11th Cir. 2026) (cleaned up; quoting *Schaw v. Habitat for Human. of Citrus Cnty., Inc.*, 938 F.3d 1259, 1264

[2] Public entities must make "reasonable modifications . . . when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i). Reasonable modifications include providing "auxiliary aids and services[,]" 28 C.F.R. § 35.160(b)(1), such as notetakers, 28 C.F.R. § 35.104(1).

(11th Cir. 2019)). Importantly, the Eleventh Circuit has recognized that Title II requires "necessity." *Id.* at 1280–81.

Here, the Court finds that Plaintiff fails to state a claim. The Court begins with the First Incident, finding that Plaintiff fails to allege the requisite causal nexus between her stated disabilities and her requested accommodation. Plaintiff alleges that, (1) based on her difficulty retaining information, (2) she "requested permission to record the hearing so she could review the information afterward and adequately prepare for later proceedings." ECF No. [72] ¶¶ 78, 79. Those allegations sufficiently allege a disability and an accommodation relevant to the First Incident. But the Eleventh Circuit has instructed that, to succeed on the necessity element of a failure-to-accommodate claim, "a plaintiff must show two things: (1) that the accommodation would alleviate the effects of his disability, and (2) that the accommodation is necessary to ensure that disabled individuals receive the same opportunities as other individuals." *Scamihorn*, 187 F.4th at 1281 (cleaned up and internal citations and quotations omitted).

And here, Plaintiff's disabilities allegations largely involve her ability to function effectively *during* high-intensity hearings. Plaintiff alleges that she experiences communication deficits "under prolonged or medically stressful conditions." ECF No. [72] ¶ 28. She alleges that she experiences panic and stress-related episodes "during extended adversarial proceedings." *Id.* ¶ 29. Her disabilities affect her ability to participate "in complex oral proceedings." *Id.* ¶ 30. While "physically present" at such proceedings, she cannot "process, retain, verify, reconstruct, and respond to the proceeding" effectively. *Id.* ¶ 11. As alleged throughout the Amended Complaint, Defendant "required [her] to participate in consequential proceedings without assistance necessary[.]" *Id.* ¶ 160.

Even taking the allegations as true, there is no logical nexus between the accommodation sought and Plaintiff's disabilities. Plaintiff does not explain how having access to a recording *after* a hearing would impact her ability to participate *during* the hearing. To the extent the Court construes the Amended Complaint as alleging that Plaintiff could not retain information during the proceeding and therefore could not remember the occurrences after the proceeding, Plaintiff fails to allege any disability affecting her ability to process written materials; as such, access to a transcript from a court reporter would provide Plaintiff with the same information she sought to retain by way of a recording.[3] Indeed, Plaintiff alleges that a later proceeding continued "without an official reporter or *another* identified effective method enabling Plaintiff to retain and later verify the communications occurring during the proceeding." *Id.* ¶ 108. In that regard, Plaintiff's Amended Complaint categorizes a court reporter as an "effective method" of achieving access.

In short, Plaintiff fails to allege how the requested accommodation was necessary to ameliorate the impact of any of her alleged disabilities. It certainly could not ameliorate any limitations experienced *during* the hearings, and Plaintiff does not allege disabilities affecting her processing of written materials such that the accommodation would be necessary *after* the hearings. At the motion to dismiss stage, the Court is required to draw all plausible inferences in Plaintiff's favor, but the Court does not need to "cast aside common sense," *Taylor-Brooks v. Carnival Corp.*, No. 25-CV-24598, 2026 WL 809509, at *5 (S.D. Fla. Mar. 24, 2026), *on reconsideration in par*t, No. 25-CV-24598, 2026 WL 2474371 (S.D. Fla. Aug. 24, 2026), nor is it required to assume facts simply not alleged in the complaint, *Quality Foods de Centro Am., S.A.*

---

[3] Plaintiff alleges that "Defendant did not promise or provide Plaintiff timely access to the reporter's record as an accommodation." ECF No. [72] ¶ 98. This allegation does not change the Court's analysis, as it is belied by the allegation that the presiding judge stated "that Plaintiff did not need to record the hearing because a court reporter was present." *Id.* ¶ 94. In that regard, the presiding judge conveyed that the court reporter's record was available to Plaintiff, even if Plaintiff ultimately did not ask for it.

*v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983). Plaintiff's arguments would require the Court to do both.

Turning to the Second Incident, the Court finds that the allegations fail to support Plaintiff's claim. The Eleventh Circuit has instructed that to succeed on a failure-to-accommodate claim under the ADA, a plaintiff must prove that she made "a specific demand for an accommodation[.]" *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999). Especially in a case such as this, where Plaintiff alleges that the degree of her disability-related limitations depended on such subjective factors as the number of speakers, pace of questioning, and presence of "disputed representations, objections, evidentiary rulings, credibility determinations, and detailed oral instructions," ECF No. [72] ¶ 31, the allegations are insufficient to draw the inference that Defendant simply "should have known" of her need for certain accommodations. Indeed, Plaintiff alleges that not "every proceeding requires the same accommodation." *Id.* ¶ 39. Plaintiff was required to ask, and her failure to allege having made a specific demand is fatal to her claim as it relates to the Second Incident. Thus, both incidents that form the basis of Plaintiff's cause of action fail to state a claim.

### B. *Younger* Abstention

Defendant next argues that *Younger* abstention applies to bar the Court's review here. ECF No. [35] at 6. This is because the state proceeding is ongoing, the state proceedings implicate an important state interest—a state domestic relations dispute—and there are adequate opportunities in the state proceedings to raise constitutional challenges. *Id.* at 7. None of the exceptions to *Younger* abstention applies. *Id.* at 8. Plaintiff responds that an analysis of the *Sprint* factors shows that Defendant cannot invoke *Younger*. ECF No. [76] at 15–16. Defendant replies that *Younger* applies here. ECF No. [79] at 3.

The *Younger* abstention doctrine—derived from *Younger v. Harris*, 401 U.S. 37 (1971)—applies to bar interference with ongoing state proceedings. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989) ("*NOPSI*"). Pursuant to this doctrine, "when important state interests are involved" in a proceeding—that is, when the proceedings implicate "important state policies"—"a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citation omitted). There are three key questions to determining whether *Younger* abstention applies: (1) whether the proceedings constitute an "ongoing state judicial proceeding," (2) whether the proceedings "implicate important state interests," and (3) whether there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (emphasis omitted).

However, before a court can proceed to addressing the three "*Middlesex*" factors, it faces certain threshold questions. Specifically, the Supreme Court has explained that "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *NOPSI*, 491 U.S. at 368. In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013), the Supreme Court explained the three types of proceedings in which "exceptional circumstances" exist:

> First, *Younger* precluded federal intrusion into ongoing state criminal prosecutions. Second, certain "civil enforcement proceedings" warranted abstention. Finally, federal courts refrained from interfering with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."

*Id.* (internal citations omitted). If none of those categories is satisfied, the court should "entertain and resolve [the action] on the merits." *Id.* at 73 (citation omitted).

Here, the Court finds that *Younger* applies and begins with analyzing the *Sprint* factors. The Eleventh Circuit has instructed that the *Sprint* inquiry is satisfied in "civil state court

proceedings in a dependency and child custody case[.]" *Morancy v. Salomon*, No. 24-12505, 2025 WL 1341957, at *3 (11th Cir. May 8, 2025), *cert. denied*, 146 S. Ct. 888 (2025). In another case, the Eleventh Circuit concluded that a state child custody proceeding satisfied the *Sprint* inquiry because it involved orders that furthered the state court's ability to perform its judicial functions—specifically, "orders that shape a state court's case assignments and judicial appointments." *Garrigan v. Sec'y of State for Alabama*, No. 22-10008, 2022 WL 2093359, at *2 (11th Cir. June 10, 2022). One such order involved the appointment of a special circuit judge, which the Eleventh Circuit explained "allows a state judicial circuit to manage its docket to ensure the efficient administration of justice[.]" *Id*. Another order denying a recusal motion "similarly implicate[d] the judicial system's 'regular operations.'" *Id*. In effect, the Eleventh Circuit holds that the *Sprint* inquiry is satisfied where, if the federal court were to address the plaintiff's claims, it "would directly cause the federal court to interfere with a state court's administration of its duties." *Dandar v. Church of Scientology Flag Serv. Org., Inc.*, 619 F. App'x 945, 948 (11th Cir. 2015).

Here, the *Sprint* inquiry is similarly satisfied. For one, the Eleventh Circuit in *Morancy* indicated that domestic relations cases straightforwardly satisfy the *Sprint* analysis. 2025 WL 1341957, at *3; *see also Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (finding the *Sprint* inquiry satisfied where the federal lawsuit "implicates the way that New York courts manage their own divorce and custody proceedings[.]").

And significantly, the State Action involves orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 78. Specifically, based on Plaintiff's allegations, the court in the State Action made certain rulings and issued certain orders on accommodations to which Plaintiff was entitled. During the First Incident, the state court ruled that "Plaintiff did not need to record the hearing because a court reporter was present." ECF

No. [72] ¶ 94; *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993) ("Oral orders are just as binding on litigants as written orders[.]"). During the Second Incident, Plaintiff contemporaneously objected to proceeding without a court reporter, but the case proceeded and the judge nonetheless issued an order "containing broad findings concerning Plaintiff's credibility, truthfulness, memory, conduct, and participation in the litigation." *Id.* ¶¶ 105, 109. Each order contained explicit or implicit judgments about matters that strike at the heart of the judicial function—determining how a case is to proceed. Questions about court reporters, real-time transcription, and recording of hearings are intimately connected to the state court's ability to perform its judicial functions. Thus, any decision here would impact the state court's ability to perform its judicial function—that is, it would "direct[] the state family court to conduct its affairs differently than it did in dealing with" Plaintiff. *Fishman v. Off. of Ct. Admin. New York State Cts.*, No. 20-1300, 2021 WL 4434698, at *2 (2d Cir. Sept. 28, 2021).

Thus, with the threshold *Sprint* inquiry satisfied, the Court turns to the *Middlesex* factors. The Court finds each factor satisfied. First, there is an ongoing state judicial proceeding. Plaintiff's Amended Complaint alleges that "[t]he State Action remains active[,]" and "[m]ultiple contested post-judgment motions remain pending and require or reasonably will require additional hearings[.]" ECF No. [72] ¶¶ 114–15. Second, the proceedings implicate important state interests. Indeed, the Eleventh Circuit has stated that "domestic relations issues have been historically considered a state interest" *Morancy*, 2025 WL 1341957, at *3, and the State Action is a divorce proceeding. Finally, the Court finds that there is an adequate opportunity to raise Plaintiff's ADA challenges in the State Action. "[T]he court may presume that the state proceedings will afford an adequate remedy, and [Plaintiff] did not provide any unambiguous authority to the contrary." *Id.*

Here, Florida state courts are amply equipped to handle ADA challenges. *See Wimberly v. Sec. Tech. Group, Inc.*, 866 So. 2d 146, 147 (Fla. 4th DCA 2004) (deciding a case based on the ADA).

Thus, insofar as Plaintiff does not argue—and the Court does not independently find—that any exceptions to *Younger* abstention apply, the Court finds that *Younger* abstention bars review of this case. The Court therefore does not address Defendant's remaining arguments regarding the *O'Shea* abstention doctrine.

**C. Motion to Amend**

Plaintiff also filed her Motion to Amend, requesting that the Court either grant her leave to file a proposed Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) or, alternatively, recognize an entitlement to amend as of right under Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. [78] at 1. Plaintiff seeks to amend to clarify (1) precisely when her accommodation request was made with respect to the First Incident and (2) whether the court reporter's presence was an effective aid for Plaintiff's disclosed limitation. *Id.* ¶ 6.

As an initial matter, Federal Rule of Civil Procedure 15(a)(1)(B) does not apply to amendments of amended pleadings. *See Bingham v. Morales*, No. CV 311-019, 2011 WL 5358594, at *2 (S.D. Ga. Nov. 4, 2011) ("Rule 15(a)(1) provides that a party may amend a pleading only 'once as a matter of course,' without any distinction between self-initiated amendments and amendments directed by a court to remedy pleading deficiencies."). And under Federal Rule of Civil Procedure 15(a)(2), "leave to amend a pleading should be freely given so long as the amendment would not be futile. An amendment is futile when, even with the proposed additions, the claim would be subject to dismissal under Rule 12(b)(6)." *Naval Logistics, Inc. v. M/V PETRUS*, No. 21-12934, 2022 WL 4128603, at *4 (11th Cir. Sept. 12, 2022) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)).

Here, the Court finds that amendment would be futile, as it would not rectify the Court's identified deficiencies. *See Orr v. Hyundai Cap. Am.*, No. 25-10622, 2026 WL 1660504, at *2 (11th Cir. June 9, 2026) ("[T]he district court could not have erred in concluding that amendment was futile when Orr never explained how the proposed amendment cured the deficiencies in her previous complaint."). Most fundamentally, Plaintiff still asks the Court to interfere with a state court proceeding that (1) has orders involving the state court's ability to perform its judicial functions, (2) is ongoing, (3) implicates important state interests, and (4) offers adequate opportunities for Plaintiff's to raise her ADA challenges. Because the Court finds that amendment would be futile, Plaintiff's Motion to Amend is denied.

However, because the Court is dismissing based on *Younger* abstention and does not address Plaintiff's ability to amend her complaint to properly state a claim after the conclusion of the State Action, it dismisses without prejudice. *Plyatsko v. Benton*, 2026 WL 1195900, at *1 (11th Cir. May 1, 2026) ("Dismissal based on an abstention doctrine—such as the *Younger* abstention doctrine—is generally without prejudice because the court is abstaining and thus not reaching the merits of the case").

**D. Motion to File Sur-Reply**

Regarding the Motion to File Sur-Reply, ECF No. [84], leave to file a sur-reply should generally only be allowed when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes–Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). Here, the new argument in Defendant's Reply focused on the *Rooker-Feldman* doctrine. See ECF No. [79] at 4–5. Insofar as the Court does not rest its decision on the *Rooker-Feldman* doctrine, Plaintiff's request is denied as moot.

### E. Motion to Stay

Because the Court is dismissing the case, Defendant's Motion to Stay, ECF No. [80], is denied as moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [75]**, is **GRANTED**.
2. The above-styled case is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**.
3. The Motion to Amend, **ECF No. [78]**, is **DENIED**.
4. The Motion to Stay, **ECF No. [80]**, is **DENIED AS MOOT**.
5. The Motion to File Sur-Reply, **ECF No. [84]**, is **DENIED AS MOOT**.
6. The Clerk of the Court is directed to **CLOSE** this case.
7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2026.



**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record